## STATE v. HOMER DADE.

No. A-9766. April 16, 1941.

(112 P. 2d 806.)

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Douglas Garrett, Co. Atty., of Muskogee, for the State.

Pierce & Pierce, of Muskogee, for defendant.

BAREFOOT, P. J.  This is an appeal by the state of a case which was originally tried in the municipal court of the city of Muskogee, Muskogee county, Okla., and appealed to the district court of Muskogee county.  It is from an order of the district court overruling a motion by the state to dismiss the appeal.  The proposition involved requires an interpretation of certain sections of the statute creating municipal courts in cities of 25,000 to 55,000 population, which includes the city of Muskogee. The sections of the statute involved are sections 15 and 17 of chapter 113, Oklahoma Session Laws of 1917, Oklahoma Statutes 1931, sections 6499 and 6500, O. S. A. title 11, sections 845 and 847.  They are as follows:

(1) "Appeals may be taken in all criminal cases and in all civil cases from any final order or judgment of such court, except in cases where the amount in controversy in the appeal, exclusive of interest and costs, is less than twenty dollars ($20.00), to the District or Superior

courts of the county wherein such city is located, by filing in such Appellate Court within thirty days from the date of such order or judgment a petition with a bill of exceptions thereto attached, assigning the ground for reversal and causing a certificate of appeal to be signed by the court clerk to be filed with the clerk of such City Court and by serving a notice of appeal upon the opposite party, or his attorney, if found within the county; provided, that a trial de novo shall not be allowed in the Appellate Court after an appeal upon the record as in this section provided. Section 5256 of the Revised Laws of Oklahoma, 1910, shall be applicable to appeals so taken on the record on questions of law as herein provided, except that bond provided therein for stay of execution shall be filed with the clerk of such court. Section 5264 and 5265 of the Revised Laws of Oklahoma, 1910, shall in like manner be applicable to proceedings in such court except that in case of reversal of an order or judgment of such court the case shall be certified back to the lower court with the reasons for reversal and for further proceedings consistent with the holding of the Appellate Court; provided that nothing in this section or act shall be construed to prevent the general proceedings of the code of civil procedure for Justice of the Peace Courts from being applicable in all cases where the provisions are consistent with and are not covered by the provisions of this act."

(2) "Appeals may be taken from such court in all cases of prosecution for misdemeanors in the same manner as is now provided by law for appeals from justices of the peace courts in criminal cases or by appeal on the record as provided herein, except that a trial de novo shall in no case be granted by the court appealed to, if a jury trial is demanded by the defendant in the lower court hereby established. In case of appeals upon the record in civil or criminal cases, original papers shall, as far as possible, be attached to the bill of exceptions and certified to the Appellate Court, and not copied. No special appearance shall be permitted in such City Court. In case of appeals on the record only, so much of the proceedings and the evidence shall be certified up as may be necessary for a

review of the errors complained of. In habeas corpus proceedings to review convictions for misdemeanors or violations of city ordinances the court issuing the writ may, in addition to the right of review by habeas corpus now given by law, review the sufficiency of the evidence to prove the offense charged and the validity and construction of the ordinance involved in the case."

Defendant was tried in the municipal court of Muskogee on February 1, 1939, where he was charged with the unlawful possession of 25 pints of intoxicating liquor. A jury was demanded by the defendant, and he was convicted, and his punishment was assessed at a fine of $100 an 90 days in jail. He thereupon appealed to the district court of Muskogee county by the filing of a bond in the manner prescribed by Oklahoma Statutes 1931, section 3369, O. S. A. title 39, sec. 581, which is the procedure for appeals from justice of the peace courts to the district or superior court.

When the appeal was perfected to the district court the county attorney of Muskogee county filed a motion to dismiss the appeal and have the defendant sentenced in accordance with the verdict of the jury for the reason that no bill of exceptions or petition in error was filed in the time provided by law and as provided by the statute above cited, Oklahoma Statutes 1931, section 6499, O. S. A. title 11, sec. 845. To this motion a response was filed by the defendant in which he admitted the facts as heretofore set forth, but contended that that part of the statute which provides "that a trial de novo shall not be allowed in the appellate court after an appeal upon the record as in this section provided", was unconstitutional and void for the reason that the same was in conflict with certain provisions of the Constitution of this state, Okla. St. Ann., to wit: Article 2, section 7, which provides: "No person shall be deprived of life, liberty, or property, without due

process of law", Article 2, section 19, which provides in part as follows: "The right of trial by jury shall be and remain inviolate * * *", and article 2, section 20, a part of which is as follows: "In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed * * *", and in contravention of article 5, section 57, which in part provides: "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. * * *"

The court, after hearing the motion, upheld the contention of the defendant and overruled the motion of the state. The order does not reveal the reason of the court or the ground upon which his decision was based. The county attorney has regularly appealed to this court from the above ruling.

The defendant, when convicted in the lower court, executed an appeal bond and appealed in the manner provided by the first part of Oklahoma Statutes 1931, section 6500, O. S. A. title 11, section 847, which provides:

"Appeals may be taken from such court in all cases of prosecution for misdemeanors in the same manner as is now provided by law for appeals from justices of the peace courts in criminal cases. * * *"

No attempt was made to appeal by transcript. The motion filed by the county attorney was that the appeal be dismissed. It was evidently based upon the theory that under the statute above quoted, Oklahoma Statutes 1931, section 6499, O. S. A., title 11, sec. 845, there was only one mode of appeal provided in criminal cases from the municipal court, and that was an appeal by transcript or on bill of exceptions; that there was no method of appeal by giving an appeal bond, and that, by reason of defendant's not having complied with said section above quoted by the

serving of notice of appeal and filing a petition with bill of exceptions, together with a certificate of appeal, his appeal should be dismissed. We are of the opinion the court did not err in overruling the motion of the state, and our reason for this opinion is that both sections of the statutes above quoted should be so interpreted as to give effect to both. To uphold the contention of the state would completely nullify the first part of Oklahoma Statutes 1931, sec. 6500, O. S. A. title 11, sec. 847, which provides:

"Appeals may be taken from such court in all cases of prosecution for misdemeanors in the same manner as is now provided by law for appeals from justices of the peace courts in criminal cases * * *".

We are of the opinion that it was the intention of the Legislature to provide two methods of appeal, the first by the giving of the appeal bond as provided by Oklahoma Statutes 1931, section 3369, O. S. A. title 39, sec. 581, following the same procedure that had theretofore been followed in appeal of misdemeanor cases from the courts of justices of the peace to the district or superior court, and second by appeal by transcript or bill of exceptions as provided by Oklahoma Statutes 1931, section 6499, O. S. A. title 11, section 845, where questions of law could be tried on appeal without the necessity of presenting the whole case anew to the district or superior court of appeal. With this construction of the two sections of the statutes, we are of the opinion that the court did not err in overruling the motion of the county attorney to dismiss the appeal.

The question of the procedure to be had in the district court on appeal by giving the bond as heretofore set out and what was the intention of the Legislature when they used the expression in Oklahoma Statutes 1931, section

6500, O. S. A., title 11, sec. 847, as follows: "* * * except that a trial de novo shall in no case be granted by the court appealed to, if a jury trial is demanded by the defendant in the lower court hereby established", is a question not easy of solution. The construction to be placed upon this statute has not been briefed in this case. We therefore do not desire to pass upon the same. This issue may be settled when properly presented and briefed.

Whether or not it was the intention of the Legislature when they used the word "de novo" that they meant only to deprive the defendant of a second jury trial on appeal to the district court, or whether this exception applies to both modes of appeal, or whether it has application only to the last sentence where appeals are had on the record and not by the giving of bond as provided in the first sentence, are questions reserved for future consideration. The record in this case does not reveal whether it was the intention of the court to try the defendant with or without the intervention of a jury. The state, in this case, after the motion was overruled, could have taken an exception and the court could have tried this case and the state could then have appealed. We very much doubt that the overruling of the motion to dismiss was such an order from which an appeal could be taken.

Entertaining this view, it is unnecessary for this court at this time to pass upon the constitutionality of that part of Oklahoma Statutes 1931, section 6500, O. S. A. title 11, sec. 847, which provides: "* * * except that a trial de novo shall in no case be granted by the court appealed to, if a jury trial is demanded by the defendant in the lower court hereby established".

For the reasons above stated, the judgment of the district court of Muskogee county is affirmed.

JONES, J., concurs. DOYLE, J., absent.